UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KERMIT PARKER (#119466)**                               CIVIL ACTION

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                            NO. 10-0640-FJP-CN

**O R D E R**

    The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, through the Louisiana Department of Public Safety and Corrections, and numerous state officials and employees, complaining that his constitutional rights were violated in October, 2008, when he was raped by a correctional officer at LSP. Thereafter, when the plaintiff complained of this misconduct, he was subjected, inter alia, to retaliatory threats and verbal abuse, to an attempt on his life by a co-inmate, to falsified disciplinary charges and punishment, and to deliberate medical indifference. The plaintiff has not sought leave to proceed in forma pauperis in this case.

    The rules relative to the entitlement of inmates to file civil proceedings pursuant to 42 U.S.C. § 1983 without the prepayment of filing fees and expenses are set forth in 28 U.S.C. § 1915. This statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    In Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), the Fifth

Circuit Court of Appeals examined the effect of this statute and concluded that all civil actions or appeals dismissed as frivolous, malicious or for failure to state a claim, even if dismissed prior to the effective date of the statute, shall be considered as within the ambit of the "three strikes" provision of § 1915(g).

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the United States courts which have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.[1]  Because it is clear that the plaintiff is barred from proceeding in forma pauperis in this case,[2] he is required to pay the full amount of the Court's filing fee.  Therefore;

---

[1]  Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include but are not limited to Kermit Parker v. Dr. Denley, et al., No. 06-CV-0298-A-M1, and Kermit Parker v. N. Burl Cain, No. 06-CV-0742-C-M1 (counting as two strikes because the plaintiff's appeal was also dismissed as frivolous, and the plaintiff's "three strike" status was explicitly recognized in the appellate court's mandate).

[2]  The Court finds that the allegations of the plaintiff's Complaint do not fall within the exception to the statute.

**IT IS ORDERED** that, within twenty (20) days of the date of this Order, the plaintiff shall pay $350.00, the full amount of the Court's filing fee herein.  The plaintiff is advised that failure to pay the required amount within 20 days shall result in the dismissal of this proceeding without further notice from the Court.

Signed in chambers in Baton Rouge, Louisiana, October 12, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**