UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KERMIT PARKER (#119466)**                                              **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                           **NO. 10-0640-FJP-CN**

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, November 4, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KERMIT PARKER (#119466)**                                                **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                             **NO. 10-0640-FJP-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Order to the plaintiff to pay, within twenty (20) days, the full amount of the Court's filing fee. Rec.doc.no. 2.

On October 12, 2010, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed in forma pauperis herein and ordered him to pay, within 20 days, the full amount of the Court's filing fee. Rec.doc.no. 2. The plaintiff was placed on notice that the failure to comply with the Court's Order in this regard "shall result in the dismissal of this proceeding without further notice from the Court." Id.

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee. This statute further provides that, with one exception, an inmate may make the required payment over time in incremental installments. However, such incremental payments are not allowed, and pauper status shall be denied, where the inmate has filed, on at least three prior occasions, actions or appeals which have been dismissed as baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), this Court entered an Order directing the plaintiff to pay the full amount of the Court's filing fee. A review of the record by the Court now reflects that the plaintiff has failed to comply with the Court's Order in this regard. Accordingly, the plaintiff's action should be dismissed for failure to pay the Court's filing fee.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Complaint be dismissed, without prejudice, for failure to pay the Court's filing fee.

Signed in chambers in Baton Rouge, Louisiana, November 4, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

1. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include but are not limited to Kermit Parker v. Dr. Denley, et al., No. 06-CV-0298-A-M1, and Kermit Parker v. N. Burl Cain, No. 06-CV-0742-C-M1 (counting as two strikes because the plaintiff's appeal was also dismissed as frivolous, and the plaintiff's "three strike" status was explicitly recognized in the appellate court's mandate).